IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 26, 2008

Charles R. Fulbruge III
Clerk

No. 07-40563
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

4.27 ACRES OF LAND, Etc.; ET AL

Defendants

JACK HEMMENWAY; BRAD HEMMENWAY

Claimants-Appellants

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:05CV735

Before JONES, Chief Judge, and REAVLEY and PRADO, Circuit Judges.

PER CURIAM:[*]

In this condemnation action, Jack and Brad Hemmenway appeal the district court's delivery of a utility and roadway easement on Tract No. 1006E-7 to the United States Government. Appellants also argue that in calculating compensation for the taking, the court erred by refusing to exclude the testimony

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of the Government's expert, by finding that the roadway was not a separate economic unit, and by denying their motion for reconsideration. We AFFIRM.

As an initial matter, Appellants fault the magistrate judge, before whom the case was tried by consent, for ordering "possession" of the property when the Government's notice and motion sought to take an easement, which is a non-possessory interest. However, the court's use of the word "possession" to describe the easement is without consequence. The Order for Delivery, signed on December 9, 2005, granted possession "to the extent of the property described in the [Government's] motion." The Government's motion described a perpetual road and utility easement. Appellants were therefore ordered to surrender the easement the Government requested, and nothing more.

Appellants also contend that the court abused its discretion by admitting the testimony of the Government's land-value expert, Burnell Cook. Appellants assert that Cook's testimony is unreliable because Cook calculated the value and determined the highest and best use of the entire parcel of land on which the roadway is located, as opposed to separately evaluating the roadway. The normal procedure for awarding compensation for an easement is to determine the highest and best use of the entire acreage within the property lines of the parent tract and then to calculate the difference between the market value of the tract before and after the taking. United States v. 8.41 Acres of Land, 680 F.2d 388, 391 (5th Cir. 1982). Cook's analysis is consistent with this approach.

Appellants assert, however, that an exception to this general method of calculating compensation applies in this case because the gravel roadway is a "separate economic unit." See id. at 393 (discussing separate economic units). Three factors are particularly helpful in ascertaining whether property taken is

part of a single larger tract: physical contiguity, unity of ownership, and unity of use. Id.

In this case, the district court carefully examined the three factors and concluded that the tract at issue was not separate from the parent tract. See id. The issue of unity or separateness of a tract is a question of fact, which this court will reverse only for clear error. See id. at 393. After reviewing the record and considering the parties' arguments, we conclude that this factual finding is not clearly erroneous. Because the expert's calculations complied with the normal procedure for calculating damages and the district court did not clearly err in finding that the exception for separate tracts is inapplicable, it was not an abuse of discretion for the court to admit the testimony of the Government's expert.[1]

Finally, Appellants argue that the court "continued to ignore the evidence and refused to vacate its erroneous findings of fact" when it denied their objections to the decision and their motion for reconsideration. We disagree. The court's four-page order carefully addresses the parties' arguments and reexamines the evidence. Moreover, the findings of fact the court declined to vacate are not clearly erroneous.

The judgment of the district court is AFFIRMED.

---

[1] Appellants also argue that Cook's testimony is unreliable because he failed to appraise the property as of the date of the taking. Because this basis for objection is different from the theory raised at trial, "plain error" is the standard of review. See United States v. Jimenez, 256 F.3d 330, 340 (5th Cir. 2001) (holding that "where the theory underlying the basis for an appeal is different from the one raised in the lower court, 'plain error' should be the standard of review"); Crawford v. Falcon Drilling Co., 131 F.3d 1120, 1123 (5th Cir. 1997) (reviewing unpreserved error in a civil case using the plain-error standard). To prevail under plain error review, Appellants must demonstrate that the admission of Cook's testimony affected their substantial rights or "seriously affected the fairness, integrity, or public reputation of the judicial proceeding." See United States v. Longoria, 298 F.3d 367, 371 (5th Cir. 2002). Because Appellants have shown neither, we reject this argument.